IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-154 |
| | § | Civ. No. C-05-414 |
| JOSE D. GOMEZ, | § | |
|     Defendant-Movant. | § | |

### ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE ORDER DENYING CERTIFICATE OF APPEALABILITY, AND ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS

Pending before the Court is Jose D. Gomez's ("Gomez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 31).[1] The motion was received by the Clerk on August 15, 2005, and is deemed filed as of August 12, 2005.[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Gomez's motion is subject to dismissal because he waived his right to file the sole claim he raises therein. For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Gomez a Certificate of Appealability. Gomez has also filed a motion to proceed *in forma pauperis*, which the Court DENIES WITHOUT PREJUDICE.

---

[1] Docket entry references are to the criminal case, Cr. C-04-154.

[2] Although Gomez's motion was executed on August 10, 2005, his certificate of service indicates that he mailed the motion to the Assistant United States Attorney and to the Court on August 12, 2005. It is deemed filed as of the later date. Houston v. Lack, 487 U.S. 266, 276 (1988)(date a document is delivered to prison authorities for mailing is the pertinent act for determining when a document is filed by a *pro se* prisoner); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2004, Gomez was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute approximately 657 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 7, 2004, he pled guilty to the indictment pursuant to a plea agreement with the government. (D.E. 10, 11). In exchange for his guilty plea to the indictment and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 11).

The plea agreement contained a voluntary waiver of Gomez's right to appeal and to file any § 2255 motions:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 11 at ¶ 6)(emphasis in original).

The Court questioned Gomez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to collaterally attack his conviction and sentence. According to the digital recording of the rearraignment, the Court also questioned Gomez regarding his waiver of the right to file a §

2255 motion:

> THE COURT: . . . In that plea agreement, apparently you waive two very valuable rights. And they both are yours alone. They only belong to you. They do not belong to your attorneys and only you can waive them. One is a right to appeal. ... [The Court discusses appellate rights].
>
> There's another important right that you're giving up and that is to come in for what's called a post-conviction remedy and it is independent of whether or not you appeal, you have a right to try to set aside your conviction or sentence by challenging either as to the jurisdiction, the constitutionality or such matters as ineffective assistance of counsel. But if you go forward today, you give up that right forever also. Do you understand these two rights and do you want to go forward? ... Mr. Gomez?
>
> THE DEFENDANT: Yes, your Honor.

(Rearraignment Recording ("R. Rec.") at 9:12-9:13). Gomez also verified that the plea agreement was his, that he signed it, that it was read to him completely in Spanish and that he discussed it completely with his attorney before signing it. (R. Rec. at 9:15-9:16). It is clear from the foregoing that Gomez's waiver of his § 2255 right was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On August 20, 2004, Gomez was sentenced by this Court to a 60-month term of imprisonment, a 4-year supervised release term, a $200 fine and a $100 special assessment. (D.E. 20, 21). Judgment was entered against him on August 29, 2004. (D.E. 21). Consistent with his waiver of appellate rights, Gomez did not appeal. Gomez filed several post-conviction motions for relief in this Court, all of which were denied. (D.E. 22-3, 26, 28-30). Gomez's § 2255 motion was filed August 12, 2005. It is timely.

## III. MOVANT'S ALLEGATIONS

In his motion, Gomez's sole claim is that he was denied effective assistance of counsel in violation of the Sixth Amendment. Specifically, he claims that his counsel failed to "present evidence, vigorously argue, and demonstrate" that Gomez was entitled to relief under the so-called "safety valve" provision, found in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. (D.E. 31 at 5). The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2.[3]

## IV. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

### B. Waiver of § 2255 Rights

The Court need not address whether Gomez has procedurally defaulted his claims by failing

---

[3] Gomez admits in his motion, however, that the Court considered whether he was entitled to "safety valve" relief and ultimately denied him relief.

4

to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that Gomez's motion fails in its entirety because he waived his right to file the sole claim he raises in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Gomez challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). Thus, his claim is subject to the waiver.

Moreover, the record is plain that his waiver was knowing and voluntary. It is clear from the rearraignment recording that Gomez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Gomez's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Gomez's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Gomez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Gomez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

**D.     Motion to Proceed** *in forma pauperis*

Gomez's motion also includes a request to proceed *in forma pauperis*. For purposes of filing fees, a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma*

*pauperis* status in this matter. For these reasons, Gomez's motion for *in forma pauperis* status is DENIED WITHOUT PREJUDICE to Gomez's ability to seek *in forma pauperis* status on appeal.

## V. CONCLUSION

For the above-stated reasons, Gomez's motion under 28 U.S.C. § 2255 is DISMISSED. The Court also DENIES him a Certificate of Appealability. Finally, Gomez's motion to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE.

ORDERED this 19th day of September 2005.

_____
Janis Graham Jack
United States District Judge